IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**WESLEY YAZZIE,**

  **Plaintiff,**

v.                  No. CIV-13-0371 LAM

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

  **Defendant.**

## MEMORANDUM OPINION AND ORDER

  **THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum (Doc. 20)*, filed January 30, 2014 (hereinafter "motion"). In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. *See* [*Docs. 4* and *8*]. On April 3, 2014, Defendant filed a response to the motion [*Doc. 21*], and, on April 18, 2014, Plaintiff filed a reply [*Doc. 22*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 15*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I.   Procedural History

On March 10, Plaintiff filed an application for Supplemental Security Income (hereinafter "SSI"), alleging that he became disabled on February 12, 2009.  [*Doc. 15-2* at 18-24].  Plaintiff stated that he became disabled due to high blood pressure, anxiety, panic attacks, diabetes, and muscle stiffness.  [*Doc. 15-3* at 7].  His application was denied at the initial level on June 16, 2009 (*Doc. 15-2* at 6-9), and at the reconsideration level on March 12, 2010 (*Doc. 15-1* at 70 and *Doc. 15-2* at 1-2).  Pursuant to Plaintiff's request (*Doc. 15-1* at 66), Administrative Law Judge Frederick Upshall (hereinafter "ALJ") conducted a hearing on August 31, 2011.  [*Doc. 15-6* at 28-51].  At the hearing, Plaintiff was present, was represented by counsel and testified.    *Id.*  at 30-46, 49-50.    In addition, Vocational Expert (hereinafter "VE"), Cornelius Ford, was also present and testified.   *Id.* at 47-49.

On September 23, 2011, the ALJ issued his decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  [*Doc. 15-1* at 22-30].  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 18), and, on October 23, 2012, the Appeals Council denied Plaintiff's request for review (*id.* at 11-13), which made the ALJ's decision the final decision of the Commissioner.  On April 19, 2013, Plaintiff filed his complaint in this case.  [*Doc. 1*].

## II.   Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence

supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. § 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. § 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. § 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on August 8, 1954. [*Doc. 15-2* at 18]. Plaintiff has held a job as an agricultural laborer and as a "Masonary" for the National Park Service, where he states that he repaired ruins. [*Doc. 15-3* at 8]. Plaintiff alleges that he is unable to work because of high blood pressure, anxiety, panic attacks, diabetes, and muscle stiffness. *Id.* at 7. Plaintiff's medical

records include: two Disability Determination Examinations, one by John H. Koewler, Ph.D., dated May 7, 2009 (*Doc. 15-3* at 27-30), and one by Harry Burger, D.O., dated May 30, 2009 (*Doc. 15-4* at 34-37); a Psychiatric Review Technique by Scott R. Walker, M.D., dated May 22, 2009 (*Doc. 15-3* at 31-44); and three Case Analyses, one by Janice Kando, M.D., dated June 16, 2009 (*Doc. 15-4* at 38), one by Lawrence Kuo, M.D., dated March 5, 2010 (*Doc. 15-5* at 32), and one by Elizabeth Chiang, M.D., dated March 12, 2010 (*id.* at 33). Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of February 12, 2009. [*Doc. 15-1* at 24]. At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus, hypertension, knee pain, back pain, anxiety, obesity and hearing deficit. *Id.* At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 416.920(d), 416.925 and 416.926). *Id.* at 23-24.

Before step four, the ALJ determined that Plaintiff has the RFC to perform medium work, "except that he is limited to perform work that involves only simple, routine and repetitive tasks." *Id.* at 26. In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not supported by the medical evidence in the disabling degree alleged and therefore lacked credibility." *Id.* at 27. The ALJ stated that "while [Plaintiff] alleges chronic severe back and

knee pain, objective findings on physical examination were minimal." *Id.* In addition, the ALJ stated that "[t]here are no x-ray or MRI studies in the file to document the presence of degenerative disc disease in the back or degenerative joint disease of the knees." *Id.* The ALJ stated that he gave very little weight to a notation made by Dr. Kozoll,[1] M.D. in March 2011, that Plaintiff requires the use of a cane frequently and is "unable to do physical work," and, instead, gave "greater weight and credibility to the opinions of the consulting physical and psychiatric examiners, and the State Agency medical consultants, as they are more consistent with the objective signs and finding[s] and the overall medical evidence as a whole." *Id.* at 28-29. At step four, the ALJ found that Plaintiff is capable of performing his past relevant work as an agricultural worker and masonry worker. *Id.* at 29. The ALJ also found that, even if Plaintiff was unable to perform his past relevant work, given his age, educational background, prior work experience and RFC, a finding of "Not Disabled" is directed by the Medical-Vocational Guidelines, 20 C.F.R. § 404, Subpt. P, Appx. 2. *Id.* The ALJ stated that a finding of "Not Disabled" is directed by Medical-Vocational Rules 203.21 and 203.14. *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.*

## V.   Analysis

Plaintiff makes the following arguments in his motion to reverse or remand: (1) the ALJ erred by engaging in improper consideration of the medical evidence in the record (*Doc. 20* at 13-17); (2) the ALJ's RFC finding is incomplete and incorrect because it is unsupported by the evidence in the record, does not include an assessment of mental limitations, and does not provide

---

[1] The ALJ spells the doctor's name "Kozell," but the record indicates the correct spelling is "Kozoll." *See, e.g.,* [*Doc. 15-4* at 2].

6

a function-by-function analysis (*id.* at 17-21); (3) the ALJ's finding regarding Plaintiff's past work is incomplete and contrary to the evidence in the record (*id.* at 22-24); and (4) the ALJ improperly relied on the Medical-Vocational Guidelines at step five (*id.* at 24-25). In response, Defendant argues that substantial evidence supports the ALJ's findings, the ALJ properly considered all of the medical opinions in the record, the ALJ properly assessed Plaintiff's RFC, the ALJ's finding regarding Plaintiff's past relevant work is not in error, and the ALJ's step-five finding is correct and is supported by substantial evidence. [*Doc. 21* at 3-17].

### A.   The ALJ's Consideration of Plaintiff's Doctors' Opinions

#### *1.   Dr. Kozoll's Opinions*

Plaintiff first contends that the ALJ did not consider the notations of Plaintiff's treating physician, Dr. Kozoll, regarding Plaintiff's knee or back pain, or anxiety. [*Doc. 20* at 14] (citing *Doc. 15-3* at 61, *Doc. 15-4* at 3, *Doc. 15-5* at 22 and 61, and *Doc. 15-6* at 5). In response, Defendant contends that the ALJ properly explained why he gave Dr. Kozoll's notation regarding Plaintiff's use of a cane very little weight, and why he gave little weight to Dr. Kozoll's notations regarding Plaintiff's knee and back pain. [*Doc. 21* at 5-6]. Defendant further contends that the ALJ found that the medical evidence and Plaintiff's testimony indicated that medication controlled Plaintiff's anxiety symptoms. *Id.* at 6-7.

When "evaluating the medical opinions of a claimant's treating physician, the ALJ must complete a sequential two-step inquiry, each step of which is analytically distinct." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011); *see also Pisciotta v. Astrue*, 500 F.3d 1074, 1077 (10th Cir. 2007). First, the ALJ "should consider whether the opinion is well supported by

medically acceptable clinical and laboratory diagnostic techniques and is consistent with the other substantial evidence in the record." *Pisciotta*, 500 F.3d at 1077 (citations omitted). If the answer to both these questions is "yes," then the ALJ "must give the opinion controlling weight." If, however, "the treating physician's opinion is not entitled to controlling weight, the ALJ must then consider whether the opinion should be rejected altogether or assigned some lesser weight." *Id.* When a treating physician's opinion is not given controlling weight, it is still entitled to deference and must be weighed using relevant factors such as: the length of treatment and frequency of examination, and the nature and extent of the treating relationship; the extent to which the opinion is supported by relevant evidence, particularly medical signs and laboratory findings; the extent to which the opinion is consistent with the record as a whole; the doctor's specialization in the medical field upon which an opinion is given; and other factors tending to support or contradict the opinion. *See* 20 C.F.R. § 416.927(c). Although the "ALJ must evaluate every medical opinion in the record [recognizing that] the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional," ultimately, the ALJ's decision must contain "reasons that are sufficiently specific to make clear to any subsequent reviewers the weight the adjudicator gave to the treating source's medical opinion and the reasons for that weight." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citations and internal quotation marks omitted).

The ALJ stated that he considered Dr. Kozoll's March 24, 2011, notation that Plaintiff's lower back and knee pain requires the use of a cane frequently, and that Plaintiff is unable to do physical work. *See* [*Doc. 15-1* at 28] (citing *Doc. 15-5* at 61)). The ALJ assigned this note "very

little weight" because the ALJ stated that the notation is likely Plaintiff's subjective complaint, it is not supported by Dr. Kozoll's treatment records or progress notes, and it is contrary to the opinions of the consulting physical examiner. [*Doc. 15-1* at 28]. The Court finds that this assessment of Dr. Kozoll's notation about Plaintiff's knee pain satisfies the requirements of *Krauser* and *Pisciotta*. First, it is unclear whether this note is Dr. Kozoll's opinion or Plaintiff's subjective complaint. Nevertheless, if it is the opinion of Dr. Kozell, it is clear from the ALJ's decision that the ALJ assigned the notation very little weight because the ALJ determined that it was not consistent with the other substantial evidence in the record. The Court finds that this assessment is sufficient, especially when Plaintiff can point to no objective medical evidence that supports this notation. Moreover, the consulting physical examiner noted that Plaintiff "ambulates normally," "[h]is gait is smooth, no limp, no antalgia," and "[h]e can reach down to touch his shoes from a standing position rapidly with no complaints of low back pain." [*Doc. 15-4* at 36]. The Court, therefore, finds that the ALJ's assessment of Dr. Kozoll's notation regarding Plaintiff's knee and back pain is not in error.

The ALJ, however, failed to address any of Dr. Kozoll's findings regarding Plaintiff's anxiety. Dr. Kozoll stated in several treatment notes that Plaintiff suffered from anxiety, and he prescribed medicine to treat it. *See* [*Doc. 15-3* at 61], [*Doc. 15-4* at 2-3], [*Doc. 15-5* at 22 and 61], and [*Doc. 15-6* at 5]. Dr. Kozoll also stated that Plaintiff needed a psychiatric evaluation. [*Doc. 15-4* at 3]. The ALJ conducted no assessment of these findings, other than stating that the "medical records indicate that [Plaintiff's] anxiety is stable on medications," and that Plaintiff "acknowledged that his medication does help control his panic attacks." [*Doc. 15-1*

at 27]. However, the ALJ cites to no medical evidence in support of this statement, other than to Plaintiff's subjective statements. The ALJ's failure to state whether these findings are consistent with other substantial evidence in the record, or to incorporate these findings into his RFC determination, is in error. In addition, the ALJ's failure to state what weight he gave to these findings is also in error. For these reasons, the Court finds that the ALJ erred in failing to address Dr. Kozoll's findings regarding Plaintiff's anxiety, and in failing to state specifically the weight given to those findings. Therefore, upon remand, the ALJ shall consider all of Dr. Kozoll's medical opinions in compliance with the legal requirements of *Krauser*, 638 F.3d at 1330, *Pisciotta*, 500 F.3d at 1077, and 20 C.F.R. § 416.927(c).

### 2. *Dr. Koewler's Opinions*

Next, Plaintiff contends that the ALJ failed to consider the findings of examining physician, Dr. Koewler, regarding Plaintiff's mental impairments, including omitting any reference to Dr. Koewler's conclusion that Plaintiff has a moderate impairment in his ability to interact with the public, co-workers, and supervisors. [*Doc. 20* at 15] (citing *Doc. 15-3* at 27-30). In response, Defendant states that the ALJ properly considered Dr. Koewler's opinion because he stated that he gave greater weight to the opinion of the consulting psychiatric examiner than to the treating physician's opinion because it was more consistent with the objective signs and findings and medical evidence as a whole, and that the ALJ discussed Dr. Koewler's findings in detail. *Id.* at 7. Defendant further contends that the ALJ was not required to consider Dr. Koewler's opinion that Plaintiff had a moderate impairment in his ability to interact with the public, co-workers, and supervisors, because there was no other evidence in the record to support this opinion. *Id.* at 8.

The findings of state agency medical or psychological consultants are not binding on an ALJ; however, they are medical opinion evidence which an ALJ must consider, except as to the ultimate determination of whether a claimant is disabled. *See* 20 C.F.R. § 416.927(e)(2)(i). Dr. Koewler opined that Plaintiff "has chronic anxiety" and has moderate limitations in the ability to carry out instructions and to interact with the public, co-workers, and supervisors. [*Doc. 15-3* at 29]. Dr. Koewler further opined that "[b]ecause of the intermittent nature of the anxiety there may be times when [Plaintiff] can function fairly well, but there is always a possibility of having a panic attack." *Id.* at 30. The ALJ did not state what weight he gave to Dr. Koewler's opinion, other than stating that he gave greater weight and credibility to the opinions of the consulting physical and psychiatric examiners and the State Agency medical consultants. *See* [*Doc. 15-1* at 28-29]. The Court finds that the ALJ sufficiently incorporated Dr. Koewler's findings regarding Plaintiff's moderate limitations in ability to carry out instructions in the ALJ's RFC determination by limiting Plaintiff to work that involves only simple, routine and repetitive tasks. However, the ALJ failed to discuss or incorporate into his RFC determination Dr. Koewler's opinions regarding Plaintiff's anxiety and moderate limitations in ability to interact with the public, co-workers, and supervisors. The Court finds that the ALJ's apparent rejection of these opinions is legal error. *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (explaining that an ALJ must explain why even moderate limitations are rejected when they conflict with the ALJ's RFC assessment); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (explaining that an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence") (citation and internal quotation marks

omitted), and SSR 96-8p, 1996 WL 374184 at *7 ("The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  The Court, therefore, instructs Defendant that, on remand, the ALJ shall either incorporate Dr. Koewler's findings into Plaintiff's RFC assessment, or sufficiently explain why they are rejected.

### 3.   *Dr. Burger's Opinions*

Next, Plaintiff contends that "[t]he ALJ did not attempt to reconcile the [non-examining State Agency] opinions with the later-developed evidence," and that the ALJ erred in relying on the opinion of Dr. Burger because Dr. Burger is not qualified to render an expert opinion. [*Doc. 20* at 16].  Plaintiff also contends that Dr. Burger's opinion that Plaintiff had no mental restrictions because his anxiety is controlled on medications should not outweigh the opinions of Dr. Koewler regarding Plaintiff's mental limitations, because Dr. Koewler is a psychologist and Dr. Burger is not.  *Id.* at 17.  In response, Defendant contends that the ALJ properly considered the non-examining State Agency physicians' opinions and Dr. Burger's opinions.  [*Doc. 21* at 9]. Defendant contends that Plaintiff is asking the Court to reweigh the evidence, which the Court may not do.  *Id.*

The Court first finds that Plaintiff fails to state what "later-developed evidence" the ALJ allegedly failed to consider.  *See* [*Doc. 20* at 16].  If, as Defendant guesses, Plaintiff meant the opinions of Dr. Kozoll (*see Doc. 21* at 9), the Court has already found that the ALJ failed to properly consider Dr. Kozoll's opinions.  Thus the Court's order that the ALJ reconsider this evidence on remand renders this claim moot.  The Court will not guess as to what other evidence,

if any, Plaintiff refers. As for the opinion of Dr. Burger, Plaintiff contends that the ALJ's reliance on Dr. Burger's opinion was in error because a judgment in a State Court case in 2007 found that Dr. Burger was not a credible witness, and in 2000 Dr. Burger's hospital privileges were revoked and he is not currently licensed in New Mexico. [*Doc. 20* at 16]. Plaintiff cites to no authority for his contention that either of these events renders Dr. Burger unqualified to give an opinion in this case, and Plaintiff does not challenge Dr. Burger's opinion on any other grounds. The Court, therefore, finds that this claim should be denied. With regard to Plaintiff's claim that Dr. Burger's opinion should not outweigh Dr. Koewler's opinions, this claim invites the Court to re-weigh the evidence before the ALJ, which the Court may not do. *See Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (explaining that courts should not re-weigh the evidence or substitute their judgment for that of the Commissioner). The Court, therefore, finds that this claim should be denied as well.

### B.   Plaintiff's Remaining Claims

Because the Court finds that Plaintiff's case should be remanded for further consideration of the opinions of Dr. Kozoll and Dr. Koewler, the Court finds that it is unnecessary to reach Plaintiff's claims regarding Plaintiff's past work and the ALJ's step five findings because those claims may also be affected by the ALJ's findings on remand. *See Robinson v. Barnhart*, 366 F.3d 1078, 1085 (10th Cir. 2004) (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the

treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the VE's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider the opinions of Dr. Kozoll and Dr. Koewler, as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's ***Motion to Reverse and Remand for a Rehearing, With Supporting Memorandum****(Doc. 20)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order.  A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

*Lourdes a. Martinez*
_____
**THE HONORABLE LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**
**Presiding by Consent**